UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| INTERNATIONAL MULCH COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  4:14CV446 RLW |
| | ) | |
| NOVEL IDEAS, INC., | ) | |
| JOHN S. WINK, and | ) | |
| SOUTH BEND MODERN MOLDING, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff International Mulch Company, Inc.'s ("IMC") Motion for Leave to File its Second Amended Complaint (ECF No. 28).  The motion is fully briefed and ready for disposition.  For the reasons set forth below, the Court will grant Plaintiff's motion.

### Background

On March 11, 2014, Plaintiff IMC filed a four count Complaint for Declaratory Judgment against Defendant Novel Ideas, Inc. ("Novel"), seeking a declaration of non-infringement of two landscape edging patents held by Novel and John S. Wink.  (Compl., ECF No. 1)  IMC also sought a declaration that the patents at issue were invalid.  (*Id.*)  IMC filed an Amended Complaint as of right on June 16, 2014, adding John S. Wink ("Wink"), the inventor of the patented landscaping products, and South Bend Modern Molding, Inc. ("South Bend").  (First Am. Compl., ECF No. 14).  In addition, IMC alleged breach of contract (Count V) and tortious interference with business expectancy (Count VI).  (*Id.*)  On July 30, 2014, IMC filed the present Motion for Leave to File its Second Amended Complaint, seeking to provide additional factual

content to its breach of contract claim against Novel and its tortious interference claim against Wink and South Bend.  (Mot. for Leave, ECF No. 28)  Defendants Novel and Wink filed a memorandum in opposition on August 6, 2014, claiming that the counts for breach of contract and tortious interference are frivolous.  (Mem. in Opp'n, ECF No. 33)  Thus, Defendants argue that the Court should deny IMC leave to file a Second Amended Complaint.  (*Id.*)

## Discussion

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend a pleading once as a matter of course within 21 days after serving the pleading or, in all other cases, with written consent of the opposing party or by leave of court.  Fed. R. Civ. P. 15(a).  "The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).

Here, IMC contends that the proposed Second Amended Complaint provides additional factual content to Counts V and VI and that, because the Court has not yet held a Rule 16 scheduling conference or issued a Case Management Order, allowing IMC to file an amended complaint would not prejudice any party.  Defendants Novel and Wink argue that the Court should deny IMC's motion because such amendments are futile.  Defendants assert that the proposed amended complaint could not withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

The Court finds that, in the very early stages of litigation, leave to file a Second Amended Complaint is warranted.  The Court has not yet held a Rule 16 conference or entered a Case Management Order pursuant to Fed. R. Civ. P. 16.  The initial joint scheduling plan filed by the parties on July 10, 2014 allowed for joinder of parties or amendment of pleadings through November 17, 2014.  (Joint Scheduling Plan 1, ECF No. 22)  Further, Defendants have not filed an Answer to the First Amended Complaint and will not be prejudiced by answering the Second

Amended Complaint. Thus, justice requires amendment of the complaint under Fed. R. Civ. P. 15(a)(2). *See Cowden v. BNSF Ry. Co.*, No. 4:08CV1534 ERW, 2013 WL 1282248, at *2 (E.D. Mo. March 26, 2013) (quoting *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008)) (leave to amend sought before the deadline for amendments in a Rule 16 scheduling order should be freely given unless compelling reasons exist to deny the motion such as "'undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment'"). The Court finds no compelling reason to deny IMC's motion. The undersigned is aware of Defendants' argument that Counts V and VI of the Second Amended Complaint are subject to dismissal under Rule 12(b)(6). However, a motion to dismiss is not properly before this Court, and Defendants are free to file such a motion in the future.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff International Mulch Company, Inc.'s Motion for Leave to File its Second Amended Complaint (ECF No. 28) is **GRANTED**.

Dated this 11th day of September, 2014.

*/s/ Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE